FILED
CLERK, U.S. DISTRICT COURT

JUN 26 2015

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SHARON PAIZ,<br><br>　　　　　Defendant. | Case No.: CR 13-403-CAS<br><br>ORDER OF DETENTION AFTER HEARING<br>[18 U.S.C. §§ 3148(b), 3143(a)] |

　　On June 26, 2015, defendant Sharon Paiz made her initial appearance in this district.

　　Defendant had previously appeared in the Southern District of California on June 18, 2015 pursuant to bench warrants issued by the United States District Court for the Central District of California on April 17, 2014 for alleged violation(s) of the terms and conditions of pretrial release and on August 18, 2014 when defendant failed to appear for a sentencing hearing on that date. At the initial appearance in the Southern District of California, defendant was detained pending her removal to the Central District of California.

　　The Court has reviewed the files and records in this matter and conducted a detention hearing pursuant to 18 U.S.C. §§ 3148(b) and 3143(a).

The Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

1. Based on the factors set forth in 18 U.S.C. § 3142(g), there no longer is any condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the community if allowed to remain on bail pending future court proceedings.

2. The Court has also taken into account the defendant's history of substance abuse and the allegations of defendant's violation of the conditions of pretrial release.

Further, the Court finds that the defendant's failure to appear for sentencing constitutes a change in circumstances which justifies reconsideration of the decision to allow her to remain on bail pending future court appearances. The Court now finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community if allowed to remain on bail.

IT THEREFORE IS ORDERED that defendant is remanded to the custody of the United States Marshal.

Dated: June 26, 2015.

                                                      /s/
                                    ALKA SAGAR
                        UNITES STATES MAGISTRATE JUDGE